FILED 26 AUG 28 15:55 USDC-ORM

1:26-cv-01804-CL

**CLARENCE CARR and SHAKIRA SCISSOM-CARR**
**1446 THOMAS RD**
**MEDFORD OREGON 97501**
**541-499-0212**

**UNITED STATES DISTRICT COURT DISTRICT OF OREGON**

**MEDFORD DIVISION**

**UNITED STATES ex rel. CLARENCE EARL CARR**, individually and parent of minor dependent; and **SHAKIRA SCISSON-CARR** parent of minor dependent,

Plaintiffs,

v.

**SOCIAL SECURITY ADMINISTRATION**, an independent agency of the United States;

**JOHN DOES 1–20**, Federal Administrators, Database Custodians, and Telecommunication Routing Personnel, in their individual and official capacities,

Defendants.

**CIVIL COMPLAINT FOR PRIVACY ACT VIOLATIONS, FRAUDULENT NUMIDENT SUBSTITUTION (530 TO 550), RECORDS WITHHOLDING, ERASURE OF EARNINGS HISTORY, AND MONETARY DAMAGES**

*(5 U.S.C. § 552a; 5 U.S.C. §§ 701–706; 18 U.S.C. § 1028; 18 U.S.C. § 2520; 28 U.S.C. § 1361; Bivens v. Six Unknown Named Agents)*

**I. PARTIES**

1. **Plaintiff Clarence Earl Carr** is a natural-born citizen of the United States, born on February 2, 1982, in Las Vegas, Nevada, and currently residing in Medford, Oregon. He is the primary victim of unauthorized Social Security Number (SSN) manipulation, master NUMIDENT record alteration, communication interception, and economic destruction via earnings history erasure.

2. **Plaintiff Shakira Scisson-Carr** is a natural-born citizen of the United States, resident of Medford, Oregon, the lawful wife of Plaintiff Clarence Earl Carr, and mother of their minor dependent child, whose parental rights and shared administrative records have been unlawfully withheld and denied by Defendant.

3. **Plaintiff Minor Dependent** is a minor citizen whose legal identity and civil profile were altered without parental consent for administrative metrics, and whose official files have been completely withheld by Defendant.

4. **Defendant Social Security Administration (SSA)** is an independent establishment of the executive branch of the United States government possessing exclusive control over the master Numerical Identification (NUMIDENT) system, earnings records, and SSN databases.

5. **Defendants John Does 1–20** are federal administrators, database custodians, appointment coordinators, and telecommunication routing personnel acting under color of federal authority who executed or concealed the unauthorized substitution of Plaintiff's SSN, intercepted communications, withheld records, and participated in the August 2025 exclusion of Plaintiff from federal premises.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331** (Federal Question), **5 U.S.C. § 552a(g)** (Privacy Act Civil Remedies), **5 U.S.C. §§ 701–706** (Administrative Procedure Act), **18 U.S.C. § 2520** (Federal Wiretap Act Civil Remedies), and **28 U.S.C. § 1361** (Mandamus).

2. Venue is proper in this judicial district pursuant to **28 U.S.C. § 1391**, as a substantial part of the events, record denials, communication interceptions, and the August 2025 federal facility exclusion occurred within this District.

## III. STATEMENT OF FACTS

1. Plaintiff Clarence Earl Carr was born in Las Vegas, Nevada, on February 2, 1982. Under historical SSA issuance rules, Plaintiff was originally assigned a master Social Security number bearing the **530** geographic prefix, designating issuance within the State of Nevada.

2. Defendant Social Security Administration maintains exclusive legal and operational control over the master NUMIDENT database. The sole entity capable of altering, substituting, or re-issuing master Social Security numbers within federal architecture is the Social Security Administration.

3. In or around **2015**, Defendant SSA executed an unauthorized administrative modification to Plaintiff's profile, improperly replacing and substituting his original **530** Nevada-issued profile with a fraudulent **550** number.

4. As a direct consequence of this unauthorized substitution and split-record maintenance, Defendant corrupted, severed, and **unlawfully erased Plaintiff's comprehensive work and earnings history** from official databases, causing severe economic harm, loss of professional standing, and structural inability to verify employment credentials.

5. Despite formal demands, personal appearances, and presentation of authentic historical data, Defendant SSA has **unlawfully refused to correct the master NUMIDENT record** back to the 530 prefix, and has **wholly refused to provide records, face sheets, or documentation** for Plaintiff and his minor dependent son, violating the Privacy Act and agency Program Operations Manual System (POMS) standards (specifically POMS RM 10212.200 and GN 03345.001).

6. When Plaintiffs attempted to schedule appointments and contact administrative offices to address these discrepancies, agency personnel and telecommunication routing systems **unlawfully intercepted, rediverted, and blocked Plaintiffs' calls**, frustrating administrative access and remedy.

7. On or about **April 1, 2025**, Defendant unlawfully altered the administrative designation of Plaintiffs' minor dependent child without parental consent to manufacture internal agency metrics, while simultaneously refusing to provide underlying documentation.

8. On or about **August 2025**, Plaintiff Clarence Earl Carr appeared in person at an SSA facility with authenticated historical records to challenge the fraudulent **550** substitution. Rather than addressing the documentary evidence under POMS guidelines, SSA management and federal officers (John Does 1–20) called law enforcement and **forcibly removed Plaintiff from the federal facility** in direct retaliation. This event is logged in SSA visitor records.

I Clarence Carr swear all statements are given under the penalty of perjury and 18USC1001 statements and true to the best of my knowledge and memory.

**IV. CAUSES OF ACTION**

**CLAIM 1: Violation of the Privacy Act of 1974 (5 U.S.C. § 552a(g)) – Refusal to Correct Fraudulent Number Substitution, Erasure of Earnings History, and Total Withholding of Records**

- **Against:** Social Security Administration.
- **Supporting Facts:** Defendant intentionally and willfully maintained inaccurate and fraudulent identification records by substituting Plaintiff's **530** profile with an unauthorized **550** number in 2015, intentionally erased Plaintiff's earnings and work history, unlawfully refused to provide records or face sheets for Plaintiff and his minor dependent son, refused to correct master files upon proper demand, and constructively denied access, causing severe economic and adverse administrative determinations.

**CLAIM 2: Identity Theft and Fraudulent Identification Instrumentalities (18 U.S.C. § 1028)**

- **Against:** Social Security Administration and Individual Officers (John Does 1–20).
- **Supporting Facts:** Defendant's personnel knowingly and without lawful authority utilized federal computer systems to generate and enforce false identification data, injecting the fraudulent **550** number while suppressing the original **530** issuance to conceal institutional liability and alter earnings records.

**CLAIM 3: Violation of the Federal Wiretap Act (18 U.S.C. §§ 2511, 2520) – Unlawful Interception and Blocking of Communications**

- **Against:** Social Security Administration and Individual Officers (John Does 1–20).
- **Supporting Facts:** Defendant intentionally intercepted, blocked, and rediverted telephonic communications initiated by Plaintiffs to schedule appointments and secure administrative access, violating federal communications privacy and entitling Plaintiffs to statutory and actual damages under 18 U.S.C. § 2520.

**CLAIM 4: Administrative Procedure Act (APA) Review – Arbitrary, Capricious, and Unlawful Agency Action (5 U.S.C. §§ 701–706)**

- **Against:** Social Security Administration.
- **Supporting Facts:** Defendant's failure to adhere to binding manual guidelines (POMS RM 10212.200 and GN 03345.001), its refusal to correct the 2015 **530/550** substitution, its destruction/decoupling of earnings tracking files, its deployment of call interception, and its wholesale denial of record access constitute final agency action that is arbitrary, capricious, an abuse of discretion, and contrary to law.

**CLAIM 5: Action for Statutory Mandamus (28 U.S.C. § 1361)**

- **Against:** Social Security Administration.
- **Supporting Facts:** Defendant owes a clear, non-discretionary ministerial duty under federal law and agency regulations to provide all requested records and face sheets for Plaintiff and his minor dependent, restore all erased earnings and work history, purge the fraudulent **550** substitution, restore Plaintiff's original **530** Nevada-issued Social Security profile, and unblock communication channels.

**CLAIM 6: First and Fourth Amendment Violations – Retaliatory Expulsion (*Bivens v. Six Unknown Named Agents*)**

- **Against:** Individual Federal Officers (John Does 1–20).
- **Supporting Facts:** In August 2025, federal actors utilized physical force to forcibly remove Plaintiff Clarence Earl Carr from an official SSA facility solely because Plaintiff

exercised his right to present authenticated historical evidence challenging the fraudulent **550** number substitution, violating First and Fourth Amendment protections.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment against Defendant Social Security Administration and Individual Officers, jointly and severally, as follows:

1. **Declaratory Judgment:** Declare that Defendant violated the Privacy Act (5 U.S.C. § 552a), the Federal Wiretap Act (18 U.S.C. § 2511), and federal identity statutes (18 U.S.C. § 1028) by executing an unauthorized number substitution from **530 to 550** in 2015, intentionally erasing Plaintiffs' complete earnings and work history, refusing to provide records or documentation for Plaintiff and his minor dependent son, refusing to correct master NUMIDENT records, and deploying telephonic interceptions.

2. **Injunctive and Mandamus Relief:** Issue a mandatory injunction and writ of mandamus under 28 U.S.C. § 1361 ordering the Social Security Administration to immediately provide all withheld records and face sheets for Plaintiff and his minor dependent son, fully restore and re-link all erased earnings and work history, purge the fraudulent **550** substitution, restore and authenticate Plaintiff's master file under his original **530** Nevada-originated profile, and unblock all communication and appointment channels.

3. **Monetary, Compensatory, and Statutory Damages:** Award full monetary, compensatory, and statutory damages against Defendant pursuant to **5 U.S.C. § 552a(g)(4)**, **18 U.S.C. § 1028**, and **18 U.S.C. § 2520**, as follows:

   - **$1,500,000** in compensatory damages for severe economic losses, lost lifetime earnings, professional deprivation, and the complete destruction and erasure of foundational work and educational history;

   - **$500,000** in statutory damages for willful and intentional Privacy Act record-keeping violations and unlawful record withholding; and

   - Statutory liquidated damages and penalties pursuant to **18 U.S.C. § 2520** for unlawful telephonic interceptions and communication blocking.

4. **Constitutional Damages:** Award **$500,000** in compensatory and punitive damages against Individual Officers (John Does 1–20) for the unlawful August 2025 retaliatory removal, intimidation, and constitutional violations.

5. **Fees and Costs:** Award all filing fees, litigation expenses, and litigation costs pursuant to the Equal Access to Justice Act (**28 U.S.C. § 2412**).

6. Grant such other and further relief as this Court deems just and proper.

**CLARENCE CARR and SHAKIRA SCISSOM-CARR**
**1446 THOMAS RD**
**MEDFORD OREGON 97501**
**541-499-0212**

C. C[signature] 08-27-26

[signature] 08/27/26

1446 Thomas Rd
Medford OR 97501